UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LEONARD GETTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 4:05-CV-52AS |
| v. ) | |
| ) | |
| SCOTT RIDGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*OPINION AND ORDER*

Leonard Getter, a *pro se* a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second,

> he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Getter alleges that on March 8, 2004, he was extracted from his cell. During the extraction, he says Officer Ridge and Officer Garcia threw him to the floor, Garcia smacked his foot onto Mr. Getter's face and neck, and Ridge put his knee into Mr. Getter's back causing chronic neck and back pain.

Mr. Getter alleges that the defendants violated his rights because they acted with cruel and unusual punishment when they used excessive force during the course of the cell extraction.

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. But equally

>relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.
>
>When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (citations, ellipsis, and quotation marks omitted). Giving Mr. Getters the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, it is possible that Officers Ridge and Garcia were acting sadistically for the very purpose of causing harm. Therefore Mr. Getter will be permitted to proceed on this claim against the defendants.

For the foregoing reasons, the court:

(1) **GRANTS** Mr. Getter leave to proceed against Officer Ridge and Officer Garcia in their individual capacity for monetary damages for an excessive use of force in violation of the Eighth Amendment;

(2) **DIRECTS** the clerk to transmit the summons and USM-285 for Officer Ridge and Officer Garcia to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Ridge and Officer Garcia;

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Ridge and Officer Garcia respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the one claim for which Mr. Getter has been granted leave to proceed in this screening order.

IT IS SO ORDERED.

ENTERED: April 3, 2006

                                          S/ ALLEN SHARP
                                      ALLEN SHARP, JUDGE
                                      UNITED STATES DISTRICT COURT